IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| FRANK FRANKLIN<br>*Plaintiff,* | § § § § § | |
| v. | § § § | CASE NO. 6:23-CV-00689-ADA-DTG |
| | § § § § | |
| WELLS FARGO BANK, N.A.<br>*Defendant* | § § § | |

ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL ARBITRATION (ECF NO. 16)

Before the Court is Defendant Wells Fargo's Motion to Compel Arbitration (ECF No. 16). Plaintiff filed its opposition in response, and Defendant filed a reply. *See* ECF No. 22 & 24. After careful consideration of the briefs and arguments therein, the Court finds a hearing unnecessary and **ORDERS** that the Motion be **GRANTED.**[1]

I. BACKGROUND

This case involves allegations of improper transactions from Plaintiff's bank account. Plaintiff is an account holder with Defendant Wells Fargo and filed this lawsuit on September 29, 2023. Plaintiff asserts two causes of action based on allegedly improper transactions from

---

[1] While the Fifth Circuit has not directly ruled on whether a motion to compel arbitration is a dispositive or non-dispositive motion for purposes of 28 U.S.C. § 636, all four federal judicial districts in Texas have held motions to compel arbitration to be non-dispositive matters that can be ruled on as orders rather than reports and recommendation. *Carrillo v. ROICOM USA, LLC*, 486 F. Supp. 3d 1052, 1060 (W.D. Tex. 2020); *see also Baskin v. Bottini & Bottini, Inc.*, 734 F. Supp. 3d 607, 610 (S.D. Tex. 2024). The Court likewise issues this as an Order.

Plaintiff's bank account—one for violation of the Electronic Fund Transfer Act (15 U.S.C. § 1693, *et seq.*) and one for violation of the Texas Deceptive Trade Practices and Consumer Protection Act (Tex. Bus. & Com. Code § 17.41, *et seq.*). Defendant filed an answer and affirmative defenses on November 29, 2023, but did not assert any counterclaims. ECF No. 6. A little over a year later, Defendant filed the present Motion to Compel Arbitration under the Federal Arbitration Act ("FAA"). ECF No. 16.

## II. ANALYSIS

Courts in the Fifth Circuit employ a two-step inquiry when deciding a motion to compel arbitration under the FAA. First, the Court determines whether the parties agreed to arbitrate the dispute at issue. *Webb v. Investacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam). This requires the Court to consider whether there is a valid arbitration agreement and whether the dispute in question falls within the scope of that arbitration agreement. *Johnson v. CMI Grp.*, Case No. 3:19-CV-2361-N, 2020 WL 8461518, at *3 (N.D. Tex. Dec. 29, 2020) (compelling arbitration and dismissing a plaintiff's civil rights, disability, and employment claims against an employer). The movant bears the initial burden of proving that an arbitration agreement exists. *Allen v. Experian Info. Sols. Inc.*, Case No. SA-24-CV-00157-XR, 2024 WL 2228164, at *2 (W.D. Tex. May 16, 2024) (citing *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018)). If the court determines that there is a valid arbitration agreement and that it applies to the dispute, the Court must decide if federal law or policy prevents application of the arbitration agreement. *Washington Mut. Fin. Grp. v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004) (finding a failure to orally explain an arbitration agreement to an illiterate party rendered the agreement unconscionable and unenforceable under Mississippi law).

Here Plaintiff opposes Defendant's Motion on two grounds. First, Plaintiff disputes that Defendant has provided sufficient evidence to prove the existence of a valid arbitration agreement. Second, Plaintiff contends that Defendant waived its right to seek arbitration by waiting too long to invoke arbitration. ECF No. 22 at 8. As the Court explains below, the parties agreed to arbitration, and Defendant did not waive its right to it.

**A. Defendant Proved the Existence of a Valid Arbitration Agreement.**

Defendant contends that two arbitration agreements govern this case. Defendant presented evidence showing that on March 7, 2011, Plaintiff opened two accounts with Defendant—a Wells Fargo Premium Membership Checking Account (Account No. x2273) and a Wells Fargo Way2Save Savings Account (Account No. x3156). ECF No. 16 at 2. Defendant's Motion included a copy of the Consumer Account Application that Plaintiff signed to open those accounts. ECF No. 16-2. Directly under Plaintiff's signature on those documents is an acknowledgement that Plaintiff "received a copy of the applicable account agreement," that he agreed "to the terms of the dispute resolution program described in the account agreement," and that under that program disputes would be resolved "in an arbitration proceeding and not by a jury trial or a trial before a judge." ECF No. 16-2 at Page 2 of 3. Defendant also provided a copy of the Deposit Account Agreement that applied to Plaintiff's accounts. ECF No. 16-3. That Account Agreement described the arbitration agreement that applied to Plaintiff's accounts. ECF No. 16 at 3; ECF No. 16-3 at 35.

The Court finds Defendant's summary judgment evidence sufficient to establish the existence and terms of the arbitration agreement. It is undisputed that Plaintiff was a Wells Fargo account holder. ECF No. 1 at ¶ 3.1. Plaintiff also does not dispute that he signed the account application. *See* ECF No. 22 at 10 (acknowledging the consumer application signed by Plaintiff

but arguing that Defendant failed to produce all of the agreements referred to in the application). Rather, Plaintiff contends that Defendant's proof fails because it produced the May 9, 2022, account agreement, rather than the one from 2011 when Plaintiff signed the account application. *Id*. at 10-12. Because Plaintiff's signed account application agrees to be bound by amendments to the account agreement, the account agreement attached to Defendant's Motion covers the transactions at issue in this case, and Defendant presented a declaration proving up both documents, they are valid summary judgment evidence that a valid arbitration agreement exists and governs Plaintiff's claims. ECF Nos. 16-1, 16-2, and 16-3.

The Court finds that Plaintiff's attempts to refute this evidence with a self-serving declaration is insufficient to create a dispute of material fact. Plaintiff's declaration states that he has "never seen this purported arbitration agreement" and that "I do not believe I recieved [sic] this purported arbitration agreement by mail, online, at a Wells Fargo branch, or in any other manner or format." ECF No. 18-1 at 1-2. He concludes the declaration by stating that "I dispute that I signed or agreed to this arbitration agreement, and I dispute that I signed or agreed to any other documents that would make me a party to this arbitration agreement." *Id*. at 2. This declaration is vague and conclusory, and it contains no particularized facts to support Plaintiff's contention that he did not agree to arbitrate. *See id*.; *Clay v. Ecolab Inc.*, No. 21-CV-189-DC-RCG, 2022 WL 21712364, at *2 (W.D. Tex. May 18, 2022) (holding that a failure to unequivocally deny signing an agreement prevents there from being an issue over the existence of an agreement). Importantly, the declaration does not dispute that Plaintiff's signature is on the account application attached to Defendant's Motion or that he signed that account application. *See* ECF No. 18-1. That account application contains Plaintiff's agreement to be bound by the account agreement and any amendments to it, acknowledgement that he received the account agreement, and agreement to

"the terms of the dispute resolution program described in the account agreement." ECF No. 16-2 at 2.

Plaintiff's declaration does not overcome Defendant's evidence. Defendant has produced undisputed authenticated evidence that Plaintiff signed the account application. ECF Nos. 16-1, 16-2. Defendant has also produced an authenticated copy of the account agreement applicable to the transactions at issue. ECF Nos. 16-1, 16-3. The Court is convinced that Defendant has met its evidentiary burden and has proven the existence of a valid arbitration agreement. *See Constant v. Gillespie*, No. 05-20-00734-CV, 2022 WL 1564555, at *6 (Tex. App.--Dallas May 18, 2022) (noting that a party can satisfy its evidentiary burden of proving the existence of an arbitration agreement by producing authenticated copies of an agreement with an arbitration clause).

Plaintiff relies on two cases that are distinguishable on the facts. ECF No. 22 at 10-11. In *Chester v. DirecTV, L.L.C.,* 607 Fed. Appx. 362 (5th Cir. 2015), the plaintiff submitted a more detailed declaration that went beyond mere denials. The plaintiff, an employee of the defendant, explained that not only did he not remember signing an arbitration agreement, but that he would not have done so absent a threat of termination, which he would have remembered. *Id*. at 365. The defendant was also unable to produce any evidence to show that the plaintiff had signed any arbitration agreement during his employment. *Id*. Similarly, in *Carrillo v. ROICOM USA, LLC*, 486 F. Supp. 3d 1052, 1065 (W.D. Tex. 2020), the Court found the arbitration agreement unenforceable because of Defendant's "conduct and misrepresentations" that prevented Plaintiff, a Spanish speaker, from reviewing or signing a Spanish version of an arbitration agreement. *Id*. at 1074. Neither case is analogous to the facts at issue.

The Court finds the present case to be most similar to *Clay v. Ecolab Inc*. No. 21-CV-189-DC-RCG, 2022 WL 21712364 (W.D. Tex. May 18, 2022). In *Clay*, the defendant produced a

document containing an agreement to arbitrate with the plaintiff's electronic signature on it. *Id.* at *3. The plaintiff's declaration claimed that he did not recall ever seeing or signing the arbitration agreement, but he failed to unequivocally deny signing it and produce evidence to support such a denial. *Id.* at *2. Despite that failure, the court went on to find that the defendant met its evidentiary burden of establishing the existence of the arbitration agreement by a preponderance of the evidence through an affidavit establishing how the electronic agreement was signed. *Id.* at *3. Similarly, the Court here finds that Defendant has satisfied its burden to show that Plaintiff signed the account application, which acknowledges the dispute resolution program and the account agreement which contained the arbitration agreement. ECF Nos. 16-1, 16-2, 16-3. That conclusion is bolstered by Texas law that permits separate, unsigned documents, such as the arbitration agreement at issue here, to be incorporated by reference into contracts. *See e.g. Jureczki v. Bank One Texas, N.A.,* 75 Fed. Appx. 272, 274 (5th Cir. 2003) (unpublished). The Court is persuaded that Defendant has satisfied its burden to show that the parties had agreed to arbitrate their disputes.

### B. **Defendant Did Not Waive its Request for Arbitration by Unreasonably Delay Bringing It.**

While Defendant delayed seeking arbitration, the Court finds that it did not waive its the right to arbitration. For a party to waive its right to seek arbitration, it must do more than merely delay seeking arbitration. Rather, it must behave in a way that is inconsistent with its right to arbitrate. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022). Examples of conduct that is inconsistent with a right to arbitrate include conducting discovery, taking depositions, filing motions, and submitting pretrial materials. *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 343 (5th Cir. 2004) (finding waiver in light of extensive activity that invoked the judicial process).

While this case has been on file for some time, Defendant has not invoked the judicial process or acted inconsistent with its right to arbitrate. The case was filed on September 29, 2023, and Defendant answered on November 29, 2023. ECF Nos. 1, 6. While Defendant disputed Plaintiff's allegations and asserted affirmative defenses, it did not assert any counterclaims. ECF No. 6. On December 7, 2023, the parties appeared for an initial pretrial conference. ECF No. 8. The parties conferred on December 15, 16, and 18 to prepare and file a joint Rule 26(f) report. ECF Nos. 10, 22 at 6. The Court entered the operative scheduling order on December 19, 2023, setting the close of fact discovery to be January 30, 2025. ECF No. 11. The parties engaged in settlement discussions in early 2024, and after those were unsuccessful, the parties exchanged initial disclosures in June 2024. ECF No. 22 at 6. The parties mediated the case on November 20, 2024[2] and Defendant first responded to discovery on November 22, 2024. The parties jointly submitted a stipulated protective order on December 2, 2024, which the Court entered the next day. ECF Nos. 12 and 13. Defendant produced its first documents on December 13, 2024. ECF No. 22 at 7. The parties met-and-conferred about remaining discovery issues on December 16, 2024. During this call, Defendant agreed to supplement its discovery responses and, for the first time, indicated its intent to file a motion to compel arbitration. *Id*. Defendant supplemented its discovery responses on December 26, 2024, and sent Plaintiff a draft of its motion to compel arbitration. *Id*. Defendant filed its motion to compel arbitration later that day. ECF No. 16.

As outlined above, the parties have spent most of the pendency of this case attempting to settle this matter outside of Court. The parties have engaged in limited discovery and have only appeared once before the Court, at the initial pretrial conference to set a case schedule. There has been almost no Court involvement since then. Defendant has not substantially invoked the judicial

---

[2] Plaintiff's incorrectly list the mediation as occurring in 2022 in their brief (ECF No. 22 at 6).

process, as it only filed an answer—no counterclaim—and attempted to resolve the case through mediation. This is akin to the conduct discussed in *Walker v. J.C. Bradford & Co.*, 938 F.2d 575 (5th Cir. 1991), where the Court's involvement was "routine scheduling orders and discovery continuances" and Defendant "did not ask the court to make any judicial decisions." *Id*. at 577. Defendant did not act inconsistent with its right to arbitrate or otherwise invoke the judicial process by filing a motion to dismiss, counterclaims, motion to compel or seeking any other judicial intervention like that in the cases cited by Plaintiff. *See, e.g., Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 343 (5th Cir. 2004) (finding waiver where parties "conducted full-fledged discovery, and [the party seeking arbitration] actively participated in this process" and "filed two separate motions to compel discovery" and parties conducted four depositions and filed cross motions for summary judgment). As such, the Court finds that Defendant has not waived its right to arbitration.

### III.  CONCLUSION

For the above reasons, it is **ORDERED** that Defendant's Motion to Compel Arbitration (ECF No. 16) is **GRANTED**.

SIGNED this 14th day of March, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE